**EXHIBIT 1**
**REQUEST FOR ADMISSION**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1)ILANA REINHARDT,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: CIV-11-979** |
| | ) | |
| **(2)TERRY HOPPS JEWELRY** | ) | |
| **DESIGNS, and (3) TERRY LEE** | ) | |
| **HOPPS, individually and in her** | ) | |
| **Capacity as Designer or Owner** | ) | |
| **of Terry Hopps Jewelry Design** | ) | |
| **and Government Servant of the** | ) | |
| **State of Oklahoma,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

**DEFENDANT TERRY LEE HOPPS' FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF**

Pursuant to Rules 26, and 36 of the Federal Rules of Civil Procedure, Defendant, Terry Lee Hopps,  respectfully requests that the Plaintiff respond to the following requests for production within thirty (30) days of receipt of service hereof.

**DEFINITIONS**

In addition to any definition set forth in any of the discovery requests herein, the following definitions shall apply to these discovery requests:

1.    When used in these discovery requests, the pronouns "you," "your," and "yours" and the term "Plaintiff" is intended to mean the named party plaintiff in this lawsuit, any other person or entity acting or purporting to act on their behalf, including without limitation their counsel and all of their agents, servants, representatives, and any and all others who are in

possession of or may have obtained information for or on behalf of the parties to whom these discovery requests are directed.

2.      The term "Defendant" unless otherwise specified shall mean Terry Lee Hopps.

3.      The words "person" and "persons" shall mean and include without limitation individuals, associations, partnerships, corporations, and limited liability companies.

4.      The terms "document" and "writing" are used herein in its customary broad sense and have the same meaning as used in the Federal Rules of Evidence, Rule 1001.  Those terms shall include without limitation: any kind of written, printed, recorded, written, drawn or diagramed graphic or photographic material and/or matter (including tape recordings), however printed, produced, reproduced, coded or stored, of any kind of description, whether sent or received or not, including originals, drafts, copies, non-identical copies or reproductions, and it also includes without limitation: summaries, reports, data compilations and tabulations, whether stored by mechanical, photographic, computer or electronic means (including electronic data storage media of all types), audio or video reproduction tapes, disks or other devices, magnetic impulses, mechanical or electronic recordings, however produced or reproduced, including: agreements, communications, books, records, invoices, ledgers, journals, accounts, memoranda, stenographic or handwritten notes, letters, notices, telegrams, transcripts, diaries, calendars, contracts, minutes, opinions, studies, publications analysis, summaries, messages, correspondence, reports, surveys, statistical compilations, records of telephone conversations, records of personal conversations or interviews, notes and other records of meetings or conferences, graphs, charts, notebooks, plans, drawings, sketches, maps, reports of investigations or negotiations, photographs, tapes, motion picture film, video tapes, brochures, pamphlets, advertisements, circulars, phonographic recordings, tapes, electronic mail (e-mail), instant

messages (IM), data contained on computer hard drives, floppy drives or microfiche, CD-ROMs, DVDs, electronic mail, data processing cards, computer tapes, diskettes, printouts or data, press releases, drafts, work papers, marginal comments appearing on any document or copy thereof and all other writings and recordings of any kind.

The terms "document" and "writing" shall also include, without limitation, each note, memorandum, letter, electronic mail, work paper, minutes, book, diary, forecast, blueprints, index, microfilm, account, opinion, appraisal, brochure, pamphlet, circular, telegram, release, article, analysis, transcript, agreement, deposit slip, bank statement, check, front and back, check stub, receipt, stock certificate, bond, bond coupon statement, confirmation, magnetic tape data sheet, data processing card or disk, computer diskette and any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced and any other document or writing of whatever description, including, but not limited to, any information contained in any computer although not yet printed out.

5.    The term "identify" when used with respect to an individual, shall mean to state each and all of the following: such individual's (a) name, (b) last known address, (c) last known telephone number, (d) last known occupation or profession and job title, and (e) the name, address and telephone number of such individual's current or last known employer. The term "identify" when used with respect to an organization *(e.g.,* a corporation, partnership, association or the like), shall mean to state each and all of the following: (a) the name of such organization, (b) the type of such organization, and (c) the last known address and telephone number of such organization's principal place of business.

The term "identify" when used with respect to a document, shall mean to describe such document with sufficient particularity in order to enable one to describe it adequately in a

Request for Production of Documents pursuant to Rule 34 of the Federal Rules of Civil Procedure.  In each such document identification you are required to provide each and all of the following: (a) the nature of the document *(e.g.,* letter, memorandum, telegram, etc.), (b) the date such document was signed, prepared, sent and/or received, (c) the identities of the sender and the receipt(s) or addressee(s), and (d) the present location and custodian of such document. In lieu of such document identification, you may produce with your responses to these Interrogatories a legible copy of the document you are asked to Identify and describe, indicating the Interrogatory to which the document is responsive.

The term "identify" when used with respect to a fact or facts, shall include in addition to the recitation of such specific fact or facts, each and all of the following: (a) the identification of all documents which substantiate the fact or from which the fact is drawn, *and* (b) the identification of any oral communication upon which your knowledge of the fact is founded, or which supports the fact, including between whom the oral communication occurred, when and the substance of the communication. In lieu of identifying documents, you may produce the specific fact subject to discovery request and identify the particular document produced as responsive to certain discovery requests.

6.    The term "describe," when used with respect to any statement or communication, shall mean to state all of the following: (a) the person making the statement or communication, (b) the date it was made, (c) the person or persons to whom it was made and who witnessed the same, (d) the contents of the statement or communication, and (e) the place where it was made.

The term "describe," when used in connection with an act, shall mean to state all of the following: (a) the identity of the actor, (b) the specific nature of the act, (c) the date and place of the act, (d) the identities of the individuals present, and (e) a complete description of the act.

In all other cases, the term "describe" shall mean to provide all of the foregoing information and in addition all facts, acts, omissions, admissions, communications, documents, detail or the like which are known by you, at the time of making the response, concerning the subject of the particular discovery request.

7.     The term "communication" shall mean any oral, written, mechanical, electronic or other transmission of words , symbols, numbers or depictions, to a person, entity, file or repository, of data or information, including without limitation "documents" or "writing," as herein defined, and correspondence, memoranda, telephone conversations, or notes, recordings, transcriptions of meetings or of telephone conversations, or any other document or memorandum that recorded or reflected such communication.

8.     Persons or documents upon which you "rely" for an answer to a discovery request shall mean any and all of the following: (a) persons who or documents which are the source of the information upon which the answer is based and (b) persons who or documents which have information to support the answer.

9.     The terms "concerning" or "refer" or "relate to" shall be construed to mean constituting, referring to, concerning, containing, supporting, modifying, contradicting, criticizing, discussing, mentioning or describing, embodying, constituting, arising from, recording, reporting, reflecting or pertaining to, prepared in connection with or has been collected, recorded, examined or considered by, for or on behalf of any present or former agent, representative, officer, director, employee, attorney or other person acting or purporting to act on your behalf, in relation to the subject matter so specified.

10.     Whenever used herein, the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular; the masculine shall be deemed to include the

feminine, and the feminine shall be deemed to include the masculine; the disjunctive ("or") shall be deemed to include the conjunctive ("and"), and that conjunctive ("and") shall be deemed to include the disjunctive ("or"); and each of the functional words ("each", "every", "any", and "all") shall be deemed to include each of the other functional words.

## <u>INSTRUCTIONS</u>

1.      The following Requests for Admission extend to all facts, alleged facts, application of law to fact, opinions about the same or the genuineness of documents related to the cause of action filed by Plaintiff herein, information and documents in the possession, custody or control of the Plaintiff and any person acting or purporting to act on her behalf, including any agent, employee, representative, or attorney of the Plaintiff.

2.      If any document subject to any discovery request herein has been destroyed, cannot be located, or is no longer thought to be in existence, please so indicate and state the reason for the destruction or said document, its last known location, by whom it was destroyed, when it was destroyed, and the description of the document in a fashion sufficient to identify and describe it.

3.      Pursuant to Rule 26(E) of the Federal Rules of Civil Procedure, these discovery requests are continuing in nature.  Consequently, if, after serving a response hereto, you obtain or become aware of additional information or documents responsive hereto, you should supplement your response and provide such additional information or documents in accordance with Rule 26(E).

4.      Unless specifically stated otherwise, none of the following discovery requests shall be construed to limit the scope or generality of any other request.

5.      In the event that any request is denied in whole or in part your answer must

specifically deny it  or state in detail why the matter cannot be truthfully admitted or denied. Any denial must fairly respond to the substance of the matter and set forth the reasons for such denial and identify the person(s) having knowledge thereof and any documents relating thereto. When good faith requires that a qualified answer or denial of only part of a matter the answer must specify the part admitted and qualify or deny the rest

6.      Any objections to any request herein must be specifically set forth and cannot be based solely upon the fact that the request presents a genuine issue for trial.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**            Admit  Plaintiff's  behavior  as  a  tenant/roommate  of Defendant was erratic, irregular, and unpredictable.

**REQUEST NO. 2:**            Admit no action of Defendant caused Plaintiff

to be deprived of any constitutional right.

**REQUEST NO. 3:**            Admit the actions of Plaintiff toward Defendant precipitated and necessitated the filing of a Victim's Protection Petition by Defendant against Defendant.

**REQUEST NO . 4:**            Admit  Defendant  received  a  Victim's  Protective  Order against Plaintiff.

**REQUEST NO. 5:**            Admit that the grant of the Victim's Protective Order against Plaintiff in favor of Defendant was the predominant reason for the termination of the residential lease subject of these proceedings.

**REQUEST NO. 6:**           Admit that the grant of the Victim's Protective Order against Plaintiff in favor of Defendant rendered the terms of subject residential lease agreement impossible to fulfill.

**REQUEST NO. 7:**           Admit that the grant of the Victim's Protective Order against Plaintiff in favor of Defendant rendered the purpose subject residential lease agreement impossible to meet.

**REQUEST NO. 8:**           Admit you never reported any of the concerns or allegations appearing in or forming the basis of your Amended Complaint to any law enforcement agency, governmental or quasi-governmental body or any other authority.

**REQUEST NO. 9:**           Admit Defendant did not terminate the subject residential lease agreement based upon any religious practice of Plaintiff.

**REQUEST NO. 10:**           Admit Defendant terminated the subject residential lease for material reasons separate and apart from any religious, cultural, ethnic, or race based reason.

**REQUEST NO. 11:**           Admit Defendant did not change the conditions, terms, and privileges of the subject lease agreement.

**REQUEST NO. 12:**           Admit Defendant did not abuse Plaintiff.

**REQUEST NO. 13:**           Admit Defendant did not defame Plaintiff.

**REQUEST NO. 14:**           Admit Defendant did not harass Plaintiff.

**REQUEST NO. 15:**           Admit Defendant did not retaliate against Plaintiff.

**REQUEST NO. 16**           Admit Defendant did not trespass against Plaintiff.

**REQUEST NO. 17:**         Admit Defendant did not change the conditions, terms, and privileges of the subject lease agreement

**REQUEST NO. 18:**         Admit Defendant did not make any malice based or otherwise improper or inappropriate inquiry of Defendant into Plaintiff's conventions and religious beliefs and observances

**REQUEST NO. 19:**         Admit any inquiry of Defendant into Plaintiff's conventions and religious beliefs and observances was not to deride, dismiss, or otherwise cast such observance/convention in a pejorative light.

**REQUEST NO. 20:**         Admit Defendant did not interfere with any Shabbat observance or practice of Plaintiff.

Respectfully submitted,

S/Tamala Bridge_____
Tamala Bridge OBA#19541
P.O. Box 1171
Oklahoma City OK 73101
(405)606-5670
tamalapennix@yahoo.com
Attorney for Defendant.

## <u>CERTIFICATE OF MAILING</u>

I hereby certify that on the 10th day of September, 2013, I transmitted the foregoing document to the Clerk of Court for filing and a true and correct copy of the foregoing via first-class U.S. Mail with sufficient postage prepaid thereon to the following:

Ilana Reinhardt
P.O. Box 21
Gowen, OK 74545
Pro-Se Plaintiff


S/Tamala Bridge_____
Tamala Bridge